280      HOLDEN *v.* HULBURD *et al.*     [Sept. T.,

Syllabus. Statement of the case.

## CHARLES C. P. HOLDEN

*v.*

## JOEL H. HULBURD *et al.*

1. INSTRUCTIONS *should be based on the evidence.* It is not error to refuse instructions, although they assert correct principles of law, when they are not applicable to the facts in the case.

2. NEW TRIAL—*verdict against the evidence.* In this case the verdict of the jury is regarded as fully sustained by the evidence.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, brought by Joel H. Hulburd and George A. Herrick against Charles C. P. Holden to recover the balance due on a bill of builders' hardware purchased by the defendant from the plaintiffs. A trial by jury resulted in a verdict and judgment for the plaintiffs for $346.30. To reverse this judgment the defendant appeals.

Mr. WM. H. HOLDEN, for the appellant.

Messrs. BACON & NORTON, for the appellees.

Per CURIAM: The evidence abundantly sustains the verdict.

The bill of goods amounted to $1308.52. It was credited with $800 cash, paid by appellant, and with merchandise returned $162.22, leaving a balance of $346.30.

The evidence in behalf of appellees was, substantially, that appellant employed an architect to superintend the erection of certain buildings, and gave to him authority to purchase hardware for the same.

The architect testified that he purchased articles, similar to those described in the bill, from appellees; that he agreed with them as to the prices of the leading articles ; that a pass-book was kept which was seen by appellant when he made a payment of $500 ; that appellant had this book when last seen by him, and that he knew of the purchases of appellees.

Notice was given to produce the pass-book upon the trial, but it was not brought forward by appellant.

, Hulburd, one of appellees, testified that he spoke to appellant before the purchase of any goods ; he replied that his architect should examine them ; sold a few of the articles ; that the prices were fixed by his partner, and that he took the pass-book to appellant who paid him $500 on the bill, and that he made no objections.

Herrick, another of appellees, testified that he agreed with the architect as to the prices ; that he sold about one-half of the goods ; the prices were fair and reasonable ; that he could identify them, and that they were delivered according to agreement.

Cameron, a carpenter upon the buildings, testified that he was authorized by the architect to exchange some of the goods, and that he purchased some.

A clerk of appellees testified that he sold the goods not sold by Herrick, who fixed the prices.

On the part of the defense there was evidence to show that the hardware for such houses ought to have cost a much less sum.

Appellant also testified that the goods were of a high price, but admitted the employment of his architect to purchase for him, and that he handed to him the card of appellees.

The evidence most decidedly preponderates in favor of the verdict. Indeed, it is rare that so long an account is so fully proven.

The refusal of the court to give the following instructions is assigned for error :

"The jury are instructed, as a matter of law in this case, that a principal is only bound by such acts of his agent as are in the line of his agency, and if an agent does things outside of his agency and not within its legitimate range, then his principal is not bound by such of his acts as are thus outside of his agency.

"An agent should act fairly by his principal, and any acts of fraud on his part, known to the person or persons who seek to bind the principal, can not bind the principal as to such fraudulent acts."

These instructions should not have been given. While they assert correct principles of law, they have no application to the facts proven.

The architect pursued his authority and acted within the scope of his agency.

It is a fair presumption that the acts of Cameron were by direction and under the supervision of the architect. The exchanges and purchases by him, as he testified, were to facilitate the prosecution of the work.

The fraud insinuated is not developed by the evidence.

From the record before us, we think that the judgment should be affirmed.

*Judgment affirmed.*